HENRY K. HAYES Administrator *cum testamento annexo* of JOHN HAYES deceased, complainant below, appellant, v. JOHN HAYES defendant below, respondent.

If an administrator *cum testameto annexo* has obtained a decree in Chancery against a legatee of the testator, for the execution of a new judgment bond given by the former to the latter payable several years hence, but which cannot be found after his death, it will not be a sufficient ground for enjoining an action on his administration bond against him by the legatee for his legacy as soon as it is due, notwithstanding the latter has failed to comply with the decree, and has removed from the State with his effects, pending the suit, to avoid the performance of it.

APPEAL from the Court of Chancery, New Castle County.

John Hayes Jr., the respondent, purchased of his father John Hayes, the decedent, fifty acres of land, and gave him his judgment bond for fifteen hundred dollars on the 24th day of April 1854, payable in ten years from date with interest. Soon after, John Hayes, the father, died, and the judgment bond being missing, the complainant as his administrator had filed a bill in the court below against the respondent for a discovery, and obtained at the February Term of the Court, a decree against him for the execution of a new judgment bond for the amount of the former, and payable after the expiration of the term originally limited in it. But pending these proceedings and shortly before this decree was entered, the respondent disposed of all his property and removed from the State, and which had not yet been complied with by him. John Hayes the deceased, by his will had given the residue of his estate, to be equally divided among his ten children, of whom John Hayes the respondent was one, and on closing the administration of the former, there was due the latter out of this residue the sum of five hundred and seventy dollars. At the November Term 1857 of the Superior Court for New Castle

County, the respondent instituted an action of debt on the bond of the complainant as the administrator of his father to recover his share of the residue, and pending this suit the present bill was filed for an injunction to enjoin the action on the bond, until the respondent had complied with and performed the decree of the Chancellor in the foregoing suit in equity. To this bill, the respondent demurred, and on the hearing, the Chancellor sustained the demurrer, dissolved the injunction and dismissed the bill of the complainant; and from this decree the appeal was taken.

*Rodney, for the complainant,* argued that it was against equity and good conscience to suffer the respondent now to come into the courts of this State, to enforce this claim of his against the estate of his father, whilst this decree in the court of Chancery remained wholly unperformed by him, and he continued out of the State for the purpose of avoiding a compliance with it. 1 *Vern.* 480. *Drury on Injunction* 335. *Stead v. Clay,* 4 *Russ.* 530. A party who is in contempt in a court of equity, is within its jurisdiction, so far as his rights in litigation are concerned, at least, and may be restrained from proceeding in another court to enforce a claim which he may have against the adverse party in the court of equity. 2 *Com. Dig. Chan. Injunc. Letter D.* 8. *p.* 233. *Hill v. Turner* 1 *Atk.* 515. A legatee who is indebted to the testator, cannot claim his legacy, or sue for it, without subjecting it to the right of stoppage, until the debt is paid. *Jeff. v. Woods et al.* 2 *Pr. Wms.* 128. The Chancellor's decree was based chiefly on the ground, that the debt on which the complainant insisted was not at present a proper matter of set off, as it was not yet due, and would not be for several years to come, and it was therefore no defence to the action on the bond for the distributive share of the respondent. But he overlooked the fact that the costs in the suit in Chancery was a debt then presently due, which, together with the annual interest then in arrear

on the judgment bond of the respondent, would equal the amount of his distributive share under the will.

*D. M. Bates for the respondent*: The object of this bill was to restrain the respondent from recovering in the Superior Court, the amount of a legacy admitted to be due and payable, on the ground that he was indebted to the testator in a larger sum, but which was not yet due and payable, and will not be, until the year 1864. The decree of the Chancellor in the suit in equity, was simply for the execution of a judgment bond, for the real debt payable in ten years with interest from 1854. The question therefore was, could a debt not due, be set off against a demand for a legacy admitted now to be due. Both of these were legal demands. It was not therefore, the case of an equitable set-off which the defendant at law was obliged to go into equity to enforce. The law on this subject was our statute of set-off, and it was as much the law of the Court of Chancery, as the Courts of common law; and to allow the complainant to evade this rule of law by availing himself of such a demand not yet due, by way of set-off, would violate and neutralize the statute and abrogate its provisions so far, at least, as this case was concerned. It would also be contrary to the express letter of the bond, and in contravention of the design of the testator, as its effect would be to abridge the time of payment of the bond, contrary to the terms and credit of it, and would likewise violate the will of the testator who, with full knowledge that this bond would not be due until 1864, saw proper to bequeath this legacy to him, payable in one year from his death, as he knew it would be, without adding a word with regard to the payment of the bond. Neither was it against equity and good conscience, nor any precept of law or morality, to claim a legacy presently due the respondent, because he owed the estate a bond payable *in futuro*.

And now, as to the other ground relied on by the counsel for the complainant, that the respondent should be re-

strained from maintaining his suit at law, until he had complied with the decree in Chancery for the execution of a new bond. But for what purpose was this extraordinary power invoked in that Court? If such a bond when executed in accordance with the decree, would avail the complainant anything, as the defendant in the action at law, there might be some reason for it, and the Court of Chancery might have the power to do what is asked of it; for that Court has the power when it becomes necessary, to aid a party in availing himself of an equitable set-off, when without its assistance, he cannot avail himself of it in a suit at law. But that was not the case here; and he emphatically denied that the Court had any power to do what was asked in this case, on the ground that the respondent was in contempt in that Court. Its only power in such case, was its general power for enforcing its decrees, by attachment, sequestration &c., &c. As to the cost in the suit in Chancery, the Chancellor remarked that it was unnecessary for him to do what had been asked of him in this case for that reason; because, by paying off these costs, the complainant could plead them as a set-off to the action on the administration bond against him.

*Rodney*, in reply: The respondent had wholly refused to comply with the decree of the Chancellor for the re-execution of the bond; had parted with all his interest and property in this State, except this legacy, which he is in the meanwhile seeking to recover through the interposition of the Courts of justice in this State, with the intention of removing it, as soon as it can be collected, beyond their jurisdiction; has himself removed from the State and abjured his obligation to obey its judicial mandates, and avoids, and will hereafter forever avoid, coming into it again. Is the Court of Chancery under these circumstances bound to permit this? And if not, will it permit it? As to the matter of set-off in the suit at law, the Chancellor and the counsel on the other side have both erred; because in this case they are not mutual

demands.  The action now pending in the Superior Court is on the administration bond against Henry K. Hayes and his sureties, and of course, is against him individually and personally, and not in his representative character, whilst the demand on the judgment bond and under the decree in the Court of Chancery, is due him in his representative capacity, solely.

*The Court* affirmed the decree of the Chancellor and dismissed the appeal on the ground that the distributive share of the respondent was due and payable, whilst the amount of the judgment bond from him to the testator, would not be due and payable for several years yet; and if the decree had been duly executed by him, it would have been no defence to the action for the legacy, because it would not have then been payable.